**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Daniel PEREZ–MEDINA, aka, Omar,**
**Defendant—Appellant.**

No. 00–50684.

D.C. No. CR–00–00906–TJW.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 24, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, WARDLAW and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Daniel Perez–Medina appeals his 52–month sentence imposed following his guilty plea to one count of possession of cocaine with intent to distribute it, in violation of 21 U.S.C. § 841(a)(1).[1] We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We affirm.

We review for clear error the factual findings underlying a district court's determination of what constitutes relevant conduct for sentencing purposes. *United States v. Whitecotton*, 142 F.3d 1194, 1197 (9th Cir.1998). The quantity of drugs used to determine a sentence must be supported by a preponderance of the evidence. *Id.*

Perez–Medina contends that the district court erred by basing its sentencing decision on an overly inclusive determination of relevant conduct. According to Perez–Medina, the district court should have rested its determination of his base offense level solely on the quantity of cocaine involved in the count to which he pled guilty. Instead, he contends, the district court improperly considered as relevant conduct (1) a distribution count against him to which he did not plead guilty, and (2) a distribution count solely against his co-defendant.

---

1. Perez–Medina also pled guilty to one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326(a). He does not appeal his conviction or sentence following his guilty plea to that offense.

In imposing a sentence, a district court may consider conduct underlying counts that have been dismissed or with which the defendant was not charged. *United States v. Fine,* 975 F.2d 596, 600 (9th Cir.1992) (en banc). The presentence report here described a series of cocaine sales of specified quantities by Perez–Medina and his co-defendant to undercover law enforcement agents. Because Perez–Medina made no factual challenge to the presentence report, the district court did not err by relying on it to determine Perez–Medina's base offense level. *See* U.S.S.G. § 1B1.3(a) (providing that defendant is accountable for all relevant conduct, including "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity"); *Fine,* 975 F.2d at 599, 601 (affirming sentence based on relevant conduct that included dismissed counts, where the district court relied on unchallenged offense summary in the presentence report).

AFFIRMED.

___

* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.